UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID RYAN BOSTIC, | ) | |
| | ) | |
| Movant, | ) | CAUSE NO.   1:14-cv-242-JMS-DML |
| | ) | 1:14-cv-240-JMS-DML |
| v. | ) | (1:11-cr-27-02-JMS-KPF) |
| | ) | (1:11-cr-33-01-JMS-KPF) |
| UNITED STATES OF AMERICA. | ) | |

**RESPONSE TO MOTION FOR POST-CONVICTION RELIEF**

For its response to the movant David Ryan Bostic's ("Bostic") motion for post-conviction relief, filed pursuant to 28 U.S.C. § 2255, the United States advises the Court as follows:

**RELEVANT PROCEDURAL HISTORY[1]**

On February 23, 2011, Bostic was charged in a two count multi-defendant Indictment filed in the Southern District of Indiana.   Bostic and others were charged in Count One with conspiracy to distribute and receive child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Two charged Bostic and others with conspiracy to commit sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(d) and (e).   Counts 3-24 charged Bostic and others with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).   Counts 25-29 charged Bostic and others with sexual exploitation of children, in violation of 18 U.S.C. § 2251(d). *See* Case No. 1:11-cr-27-01-JMS-KPF.

On February 28, 2011, Bostic was charged in a thirty-seven count Information Counts 1-36

---

[1] The facts as set forth herein are taken from various materials of record, including the docket sheet, the Indictment, the Information, the Petition to Enter a Plea of Guilty, the Plea Agreement, the Judgment in a Criminal Case, and the Presentence Investigation Report.

of sexually exploited children by using Girl 1, Girl 2, Girl 3, Girl 4, and Boy 1 to produce images or videos of these minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a); and Count 37 charged Bostic with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  *See* Case No. 1:11-cr-33-01-JMS-KPF.

On April 5, 2011, Bostic filed a Petition to Enter a Plea of Guilty.  On that same date, a Plea Agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) that provided Bostic would plead guilty to Counts 1-29 of the Indictment and Counts 1-37 of the Information.  Plea Agreement ¶ 1.  The Plea Agreement provided that Bostic understood the determination of his sentence was within the discretion of the Court; the Court may impose consecutive sentences for each of the crimes charged in the Information and Indictment; the parties did not agree to a specific sentence or any sentencing term; all Counts from the Indictment and Information would be consolidated for sentencing; restitution was mandatory; the government agreed not to bring any further criminal charges against Bostic directly arising from, and directly related to, his sexual exploitation of minors or distribution of child pornography as charged in the Indictment and Information; and this did not restrict the government from bringing further charges for any other files discovered in the future, or charges from other districts relating to any other victims or criminal offenses.  PSI ¶¶ 14-18, 20, 23.

On June 6, 2011, the parties filed a stipulated factual basis.  Docket No. 114.  Bostic did not object to the factual basis and in fact, signed the stipulated factual basis which provided the facts of his case.

A change of plea hearing was held on June 6, 2011.  The Court found that Bostic was fully competent and able to enter an informed plea; the plea was being made knowingly and voluntarily; and the plea was supported by an independent basis in fact containing each of the essential

elements of the offenses charged.  *See* Court's Entry dated June 6, 2011.  The Court accepted the Plea Agreement and adjudged Bostic guilty as charged to all counts in the Indictment and Information.  *Id*.

On November 22, 2011, the Court sentenced Bostic to 315 years in prison, to be followed by a lifetime of supervised release.  Bostic was also assessed the mandatory assessment of $6,600.  The judgment of conviction was entered on December 7, 2011.

On December 9, 2011, Bostic filed a notice of appeal.  On January 23, 2012, Bostic's trial counsel filed an *Anders* brief.  *See Anders v. California*, 386 U.S. 738 (1967).  Bostic, disagreeing with his counsel's assessment, filed contentions pursuant to Cir. Rule 51(b) on April 2, 2012.  On June 7, 2012, the Seventh Circuit Court of Appeals dismissed Bostic's appeal.  *See United States v. Bostic*, 491 Fed.Appx. 731 (7th Cir. 2012) (unpublished).  On September 10, 2012, Bostic filed a motion to reinstate his appeal which was subsequently denied by the Seventh Circuit.  On January 10, 2013, Bostic filed a Petition for Writ of Certiorari.  On April 15, 2013, the Supreme Court denied Bostic's Petition for a Writ.  *See Bostic v. United States*, 133 S. Ct. 1861 (2013).

On February 18, 2014, Bostic filed identical motions in each of his cases for post-conviction relief pursuant to 28 U.S.C. § 2255.  On February 24, 2014, this Court ordered that Bostic's cases would be consolidated for the purposes of briefing and directed the United States to respond to Bostic's 28 U.S.C. § 2255 motion.

## ISSUE

Whether Bostic's trial counsel was ineffective during the plea negotiations, sentencing, and appeal.

## DISCUSSION

Bostic asserts that his plea was not knowingly and voluntary, his trial counsel failed to investigate the facts of the case, failed to raise a jurisdictional issue, his sentence was unreasonable, and his trial counsel filed an Anders brief in lieu of an appeal.  These claims suggest that Bostic is actually contending that his plea was not voluntarily and knowingly entered.  Bostic's claims are meritless.

To prevail on a claim of ineffective counsel, Bostic must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) caused him prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  With respect to the first prong of the *Strickland* test, "review of the performance of counsel must be 'highly deferential." *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001).  In order to satisfy the prejudice component, Bostic must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  If the defendant makes an insufficient showing on one prong of the test, the court need not consider the remaining prong.  *Hough*, 272 F.3d at 890.

Any assertion by Bostic that his plea of guilty was not knowingly and voluntarily entered is refuted by Bostic's change of plea proceedings.  The record is irrefutable that the district court painstakingly reviewed with Bostic his constitutional rights and the terms of the Plea Agreement to which he had consented.  Only after assuring itself that Bostic's plea was freely

and knowingly entered, did this Court accept Bostic's plea of guilty.  *See* Court's Entry From June 6, 2011.

Bostic has presented nothing to refute the court's determination.  "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'"  *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001).  To demonstrate that his counsel was ineffective, Bostic must show "both deficient performance and resulting prejudice."  *Veal v. Cooper*, 936 F.Supp. 511, 514 (N.D. Ill. 1996).  *See also Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 876, 881-84 (7th Cir. 1997).  Bostic demonstrates neither.

Bostic received an extremely favorable plea bargain, and he should be grateful that his trial counsel was able to reach such favorable terms with the government.  In Bostic's case, his counsel's performance was not deficient.  The Plea Agreement negotiated for Bostic by his counsel was an extremely favorable agreement.

Bostic's counsel negotiated a plea agreement that included an agreement from the government to not bring any further criminal charges against Bostic directly arising from, and directly related to, his sexual exploitation of minors and distribution of child pornography as charged in the Indictment and Information.  Bostic received a sentence within his sentencing guideline range which was life imprisonment.

The Seventh Circuit found that Bostic "agreed to the judge's application of the sentencing guidelines, that the court gave Bostic an opportunity to call witnesses and to identify grounds in mitigation relevant to the factors in 18 U.S.C. § 3553(a), and articulated how those factors had influenced the final sentence."  Seventh Circuit Order, Nos. 11-3761 and 11-3762, Page 2 (June 7, 2012).  The Seventh Circuit also agreed with Bostic's trial counsel that any

challenge to the reasonableness of Bostic's overall prison sentence "would be frivolous." The Seventh Circuit noted that "[a]ny sentence that is within a correctly calculated guidelines range receives a rebuttable presumption of reasonableness, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Johnson*, 534 F.3d 690, 696 (7th Cir. 2008), and counsel sees no avenue for rebuttal; no do we." Seventh Circuit Order, Nos. 11-3761 and 11-3762, Page 2 (June 7, 2012).

Bostic also contends that his trial counsel failed to investigate the evidence of his case. Bostic seems to forget that he pled guilty, and by so pleading is precluded from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). Bostic has "admitted all those facts and cannot undo his admissions." *Id*. While counsel has an obligation to reasonable investigate the facts and circumstances surrounding his client's case, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), to establish prejudice from such a failure the defendant must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (*quoting United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)). Counsel is not ineffective for failing to raise claims or issues that are certain to fail. *See United States v. Carter,* 355 F.3d 920, 924 (6th Cir. 2004); *Stewart v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996); *Owens v. Wainwright*, 698 F.2d 1111, 1114 (11th Cir. 1983).

Bostic has shown neither failure, in fact, on his counsel's part to reasonably investigate his case, and even if such a failure to investigate occurred, Bostic has not demonstrated the requisite prejudice; that is, the result of his trial would likely have been different. *See United States v. Kamal*, 965 F.2d 484, 499 (7th Cir. 1992); *United States ex rel. Cross v. DeRobertis*, 881 F.2d 1008, 1016 (7th Cir. 1987); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Bostic admitted the facts that support his conviction, and he received the sentence negotiated and agreed to in his plea bargain agreement.

Bostic also asserts that his counsel failed to quash the indictment for lack of jurisdiction. Bostic does not explain how his rights were, in any respect, affected by the complained of actions by the district court or demonstrate any adverse or prejudice suffered as a result therefrom.

"Some jurisdictional shortcomings are constitutional in nature, . . . other jurisdictional deficits are just the result of statutory limitations." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). Bostic's claim falls into neither category. "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III [of the United States Constitution] permits Congress to assign federal criminal prosecutions to federal courts." *Id*. "That's the beginning and the end of the 'jurisdictional inquiry.'" *Id.* Bostic's jurisdictional challenge is simply frivolous and should be summarily dismissed.

To the extent Bostic's claim (or claims) regarding jurisdictional irregularities actually state some sort of a claim, that claim (or claims) has been procedurally defaulted. *See Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989) ("a district court cannot reach the merits of an appealable issue in a § 2255 proceeding unless that issue has been raised in a procedurally appropriate manner."). Bostic did not raise any of his jurisdictional challenges in the district court or on direct appeal. Absent a showing of cause and prejudice for his procedural default, the jurisdictional challenges asserted by Bostic are procedurally defaulted.

Bostic has demonstrated no deficiency in his counsel's performance, and certainly no prejudice (assuming ineffective counsel could be established). Bostic's motion for post-conviction should be summarily rejected.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court to deny Bostic's Motion for Post-Conviction Relief and to dismiss his 28 U.S.C. § 2255 motion with prejudice.

        Respectfully Submitted,

        JOSH J. MINKLER
        Acting United States Attorney


By:    s/Gerald A. Coraz
        Gerald A. Coraz
        Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2014, a copy of the foregoing Response to Motion for Post-Conviction Relief was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

David Ryan Bostic
Reg. No. 09828-028
USP Tucson
P.O. Box 24550
Tucson, AZ   85734


                    By:    s/Gerald A. Coraz
                             Gerald A. Coraz
                             Assistant United States Attorney
                             Office of the United States Attorney